22 A.3d 56

ROSEMARIE MISCHE, PLAINTIFF–APPELLANT, v. BRACEY'S
SUPERMARKET AND BILL'S SHUR–SAVE SHOP RITE,
DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted March 29, 2011—Decided June 27, 2011.

488

Before Judges PARRILLO, SKILLMAN and ROE.

*De Marco & De Marco,* attorneys for appellant (*Patrick C. De Marco,* on the brief).

*Thomas, Thomas & Hafer,* attorneys for respondents (*James J. Dodd–O,* of counsel; *Winifred E. Campbell,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D. (retired and temporarily assigned on recall).

The issue presented by this appeal is whether an out-of-state business entity's membership in and purchase of goods and services from a New Jersey-based retailer's cooperative provides a sufficient foundation for the New Jersey courts to exercise long-

arm jurisdiction over a claim against that business entity that is unrelated to its agreement with the retailer's cooperative. We conclude that New Jersey's exercise of jurisdiction over such a claim would violate the Due Process Clause of the Fourteenth Amendment.

Defendant Bracey's Supermarket d/b/a Bills Shop Rite Supermarket, operates supermarkets in Scranton, Moscow and Mt. Pocono, Pennsylvania. On July 16, 2007, plaintiff allegedly suffered personal injuries in a slip and fall at defendant's Mt. Pocono store.

Although plaintiff was a Pennsylvania resident at the time of her slip and fall, she subsequently moved to New Jersey. On July 13, 2009, plaintiff filed this personal injury action in the Law Division.

After a period for discovery, defendant moved to dismiss the action on the ground that the New Jersey courts do not have jurisdiction. In support of this motion, defendant relied on a certification by the supermarket's office manager, Michele Balish, which stated that defendant is a Pennsylvania corporation that does not conduct any business in New Jersey. This certification alleged that defendant does not own or control any property in New Jersey, has no corporate agents or agents for service of process in New Jersey, and does not advertise in any form in New Jersey.

Plaintiff opposed the motion on the ground that defendant holds itself out to the public as part of the chain of "Shop Rite" stores, which operate not only in Pennsylvania but also in New Jersey and various other states in the northeast. Plaintiff submitted documents found on the websites for Bracey's Supermarket and Shop Rite that indicate Wakefern Food Corporation, operating under the tradename Shop Rite, is a "retailers cooperative" based in Elizabeth, New Jersey, which provides food, liquor and other products to its member stores. Plaintiff also relied upon defendant's response to her notice to produce, which stated that defendant purchases 85% of its products from Wakefern, as required by

the cooperative licensing agreement between defendant and Wakefern. This response also stated that Wakefern provides defendant with advertising design, payroll, accounting and book-keeping services.

The trial court granted defendant's motion to dismiss for lack of jurisdiction by an oral opinion. Plaintiff filed a motion for reconsideration, which the court also denied by an oral opinion. Plaintiff appeals from the dismissal of her complaint.

"[O]ur State courts may exercise jurisdiction over a non-resident defendant 'to the uttermost limits permitted by the United States Constitution.'" *Nicastro v. McIntyre Mach. Am., Ltd.*, 201 *N.J.* 48, 72, 987 *A.*2d 575 (quoting *Avdel Corp. v. Mecure*, 58 *N.J.* 264, 268, 277 *A.*2d 207 (1971)), *cert. granted*, —— *U.S.* ——, 131 *S.Ct.* 62, 177 *L.Ed.*2d 1151 (2010). For a state's exercise of jurisdiction over a non-resident defendant to satisfy the Due Process Clause of the Fourteenth Amendment, the defendant must "have certain minimum contacts with it such that the mainte-nance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 *U.S.* 310, 316, 66 *S.Ct.* 154, 158, 90 *L.Ed.* 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 *U.S.* 457, 463, 61 *S.Ct.* 339, 343, 85 *L.Ed.* 278, 283 (1940)).

In determining whether this test has been satisfied, the Supreme Court distinguishes between "specific" and "general" jurisdiction. *Compare Burger King Corp. v. Rudzewicz*, 471 *U.S.* 462, 472–82, 105 *S.Ct.* 2174, 2182–87, 85 *L.Ed.*2d 528, 540–47 (1985) *with Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 *U.S.* 408, 413–19, 104 *S.Ct.* 1868, 1872–74, 80 *L.Ed.*2d 404, 410–14 (1984). "If a cause of action arises directly out of a defendant's contacts with the forum state, the court's jurisdiction is 'specific.'" *Waste Mgmt., Inc. v. Admiral Ins. Co.*, 138 *N.J.* 106, 119, 649 *A.*2d 379 (1994), *cert. denied*, 513 *U.S.* 1183, 115 *S.Ct.* 1175, 130 *L.Ed.*2d 1128 (1995). If a cause of action is unrelated to the defendant's contacts with the forum state, the court's jurisdiction is "general" and those contacts "must be so continuous and substantial as to

justify subjecting the defendant to [the forum's] jurisdiction." *Id.* at 123, 649 *A.*2d 379 (quoting *Charles Gendler & Co. v. Telecom Equip. Corp.,* 102 *N.J.* 460, 472, 508 *A.*2d 1127 (1986)). This standard for establishing general jurisdiction "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.,* 523 *F.*3d 602, 609 (5th Cir.2008) (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A.,* 249 *F.*3d 413, 419 (5th Cir.), *cert. denied,* 534 *U.S.* 1055, 122 *S.Ct.* 646, 151 *L.Ed.*2d 564 (2001)).

█ Plaintiff's slip and fall in one of defendant's Pennsylvania supermarkets was unrelated to defendant's contacts with New Jersey, which were limited to the purchase of products and services from and membership in Wakefern. Therefore, plaintiff must show that the New Jersey courts have general jurisdiction over the defendant.

Defendant has no physical presence in New Jersey. It does not conduct any business, does not own any property, does not advertise, and has no agents in this State. Its sole contact with New Jersey is its purchase of products and services from the New Jersey-based cooperative, Wakefern.

█ This form of contact is insufficient to support the exercise of general jurisdiction over defendant by the New Jersey courts. The Supreme Court has made clear "that mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Helicopteros, supra,* 466 *U.S.* at 418, 104 *S.Ct.* at 1874, 80 *L.Ed.*2d at 413. Under this rule, even purchases by a "foreign defendant corporation of a major share of the merchandise to be sold at its place of business outside the state ... do not warrant a finding that the defendant was present within the jurisdiction." *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.,* 657 *F.Supp.* 1040, 1046 (S.D.N.Y.1987); *see also Fraser v. Smith,* 594 *F.*3d 842, 846–47 (11th Cir.2010); *Waste Mgmt., supra,* 138 *N.J.* at 127, 649 *A.*2d 379; *cf. McKesson Corp. v. Hackensack Med.*

*Imaging,* 197 *N.J.* 262, 278–79, 962 *A.*2d 1076 (2009) (holding that series of purchases by New Jersey corporation from Texas vendor were sufficient to establish "specific" jurisdiction of Texas courts over claim by Texas corporation for payment for those purchases).

The fact that the New Jersey-based vendor from which defendant purchases products and services, Wakefern, is a cooperative in which defendant is a member does not affect the conclusion that those purchases are insufficient to support the New Jersey court's jurisdiction over plaintiff's cause of action. Although we have not located any case specifically addressing the question whether membership in a New Jersey-based cooperative provides a sufficient foundation for the exercise of jurisdiction over an out-of-state business, it is well established that ownership of an entity conducting business in New Jersey is an insufficient basis for the assertion of jurisdiction over an out-of-state company. For example, we held in *Pfundstein v. Omnicom Group, Inc.,* 285 *N.J.Super.* 245, 252, 666 *A.*2d 1013 (App.Div.1995), that "the forum contacts of a subsidiary corporation will not be imputed to a parent corporation for jurisdictional purposes without a showing of something more than mere ownership." *Accord Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.,* 230 *F.*3d 934, 943–45 (7th Cir.2000), *cert. denied,* 532 *U.S.* 943, 121 *S.Ct.* 1406, 149 *L.Ed.*2d 348 (2001); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.,* 229 *F.*3d 254, 263 (3d Cir.2000).

Similarly, courts in other jurisdictions have held that the presence of a franchisor in a state is insufficient to confer general jurisdiction upon the courts of that state over claims against one of its franchisees, even if the franchisee operates under the nationally recognized trade name of the franchisor and the franchisor engages in advertising or other promotional activities that benefit its franchisees. *See, e.g., Fields v. Ramada Inn, Inc.,* 816 *F.Supp.* 1033, 1036–38 (E.D.Pa.1993) (franchisee of Ramada Inn); *Wright v. Am. Std., Inc.,* 637 *F.Supp.* 241, 243–45 (E.D.Pa.1985) (franchisee of Hilton Hotel); *King v. Dupuis,* 649 *S.W.*2d 387, 388–89 (Texas App.1983) (franchisee of Rodeway Inn).

We conclude that mere membership in a New Jersey-based retailers cooperative, like a parent corporation's ownership of a New Jersey subsidiary or a franchisee's operation of a business under an agreement with a New Jersey-based franchisor, is an insufficient predicate for the exercise by the New Jersey courts of long-arm jurisdiction over a claim that has no relationship to that membership. We assume that if a dispute arose concerning the cooperative licensing agreement between Wakefern and defendant, the New Jersey courts could exercise jurisdiction over such a dispute because it would arise "directly out of defendant's contacts with [New Jersey]." *Waste Mgmt., supra,* 138 *N.J.* at 119, 649 *A.*2d 379; *see Burger King, supra,* 471 *U.S.* at 478–85, 105 *S.Ct.* at 2185–89, 85 *L.Ed.*2d at 544–49. However, plaintiff's slip and fall in defendant's Pennsylvania supermarket was totally unrelated to the happenstance that defendant purchases products and services from a New Jersey-based cooperative in which it is a member rather than New Jersey vendors in which it has no interest. Plaintiff went shopping in defendant's Pennsylvania store solely because she lived in the vicinity, not because of defendant's membership in a New Jersey-based purchasing cooperative. *Compare Makopoulos v. Walt Disney World, Inc.,* 221 *N.J.Super.* 513, 516–19, 535 *A.*2d 26 (App.Div.1987), *certif. denied,* 11 *N.J.* 661 (1985). Therefore, this circumstance is insufficient to support the New Jersey court's exercise of jurisdiction over plaintiff's claim.

Affirmed.