NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2058-12T3

BAANYAN SOFTWARE SERVICES, INC.,

    Plaintiff-Appellant,

v.

HIMA BINDHU KUNCHA,

    Defendant-Respondent.

> **APPROVED FOR PUBLICATION**
>
> **December 19, 2013**
>
> **APPELLATE DIVISION**

---

Submitted December 10, 2013 — Decided  December 19, 2013

Before Judges Reisner, Alvarez and Carroll.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No.
L-2529-12.

Archer & Greiner, attorneys for appellant
(Patrick Papalia, of counsel; Leo J. Hurley,
Jr., on the brief).

Hima Bindhu Kuncha, respondent pro se.

The opinion of the court was delivered by

CARROLL, J.S.C. [temporarily assigned].

Plaintiff Baanyan Software Services, Inc. (Baanyan),
appeals from a December 7, 2012 Law Division order dismissing
its complaint for lack of personal jurisdiction over defendant

Hima Bindhu Kuncha.[1]  Since we conclude that defendant lacked minimum contacts with New Jersey, and that to subject defendant to jurisdiction in New Jersey would offend traditional notions of fair play and substantial justice, we affirm.

I.

We discern the following facts from the limited record before the Law Division on the motion to dismiss.  Because no jurisdictional discovery was ordered, nor apparently requested, we rely upon the complaint and the certifications that were filed supporting and opposing defendant's dismissal motion.

Baanyan is an information technology development and software consulting company with its headquarters in Edison, New Jersey.  According to Baanyan's website, it is part of a multinational corporate organization that, "[r]eaching out from its locations in [the] USA and India, is able to locate and attract the very best computing talent from all over the globe."

Baanyan employed defendant as a computer systems analyst, pursuant to a written consulting agreement.  Defendant was living in California in January 2011 when the agreement was

---

[1] In her brief, defendant challenges an $825 counsel fee award imposed against her as a sanction.  We decline to disturb the November 5, 2012 order imposing that sanction, as defendant has not cross-appealed from that order.  "It is clear that only the . . . orders . . . designated in the notice of appeal . . . are subject to the appeal process and review."  Pressler & Verniero, Current N.J. Court Rules, Comment 6.1 on R. 2:5-1 (2014).

signed. Defendant negotiated certain terms of the contract through various e-mails and telephone calls with representatives of Baanyan. Defendant sent an executed copy of the consulting agreement to Baanyan, which executed it at its New Jersey headquarters. The agreement itself is silent as to Baanyan's address. It also contains no forum selection clause.

The terms of employment required defendant to relocate from California to Illinois to provide the consulting services. Defendant moved to Illinois in February 2011, and began providing services as needed for two of Baanyan's clients, both located in Illinois. From May 2011 through August 2011, defendant was out of the country, and provided no services for Baanyan. After defendant returned to Illinois, during September 2011 she resumed working for Baanyan on a project for one of its corporate clients, Halcyon, Inc., a company based in Ohio. Baanyan paid defendant for her services in Illinois via direct deposit into her Illinois bank account. The five payments she received were memorialized by receipts bearing Baanyan's New Jersey address. At no time during her brief employment with Baanyan did defendant ever work in New Jersey, nor did she ever provide services for any client of Baanyan that was located in New Jersey.

In October 2011, defendant ceased working for Baanyan and began working for Halcyon. She continued to work for Halcyon until December 23, 2011. According to defendant's unrefuted certification, both she and Halcyon "settled the dispute with Baanyan about my having gone to work for Halcyon. In fact, Baanyan was paid monies on that dispute, not only by Halcyon, but by me." In January 2012, defendant moved to Tennessee, and obtained employment with another software company headquartered in California. Defendant continues to live and work in Tennessee.

On April 10, 2012, Baanyan filed suit against defendant in the Law Division, Middlesex County, alleging breach of contract, tortious interference with Baanyan's business relationships, breach of fiduciary obligations, unjust enrichment, and fraud. Defendant initially did not respond to Baanyan's complaint, which resulted in the entry of default against her on August 8, 2012. Thereafter, defendant moved to dismiss plaintiff's complaint for lack of personal jurisdiction. Alternatively, defendant sought to vacate the prior default.

On December 7, 2012, Judge Jane B. Cantor granted defendant's motion to dismiss. In a written decision that accompanied her order, the judge, citing a recent unpublished decision of this court presenting a similar factual scenario,

concluded that the circumstances here were insufficient to establish personal jurisdiction over defendant. Specifically, Judge Cantor reasoned:

> [D]efendant in this case has not done business or resided in New Jersey. At all pertinent times the defendant worked in Illinois for two of plaintiff's corporate clients, both in Illinois. All contacts concerning the hiring took place while the defendant was in California. Any breach of the contract that might have taken place took place while defendant was in Illinois.

As a result, Judge Cantor dismissed plaintiff's complaint due to lack of personal jurisdiction.

## II.

On appeal, Baanyan argues that defendant's contacts with New Jersey, which consist of entering into a consulting agreement with a New Jersey corporation, providing services for and accepting payment from the New Jersey corporation, with receipts bearing the corporation's New Jersey address, and providing timesheets to the corporation, are together sufficient to establish personal jurisdiction over defendant in New Jersey. Baanyan further argues that New Jersey's exercise of jurisdiction over defendant would not offend traditional notions of fair play and justice, because defendant entered into an agreement that she knew would have substantial effects in New Jersey. Finally, Baanyan submits that the fact that defendant

was not physically present in New Jersey is not dispositive of whether New Jersey can exercise jurisdiction over her. For the reasons that follow, we find these arguments unpersuasive.

New Jersey courts may exercise personal jurisdiction over a non-resident defendant "consistent with due process of law." R. 4:4-4(e). New Jersey's long arm jurisdiction extends "to the uttermost limits permitted by the United States Constitution." Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971).

Following the landmark decision by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), a two-part test has consistently been applied in determining the extent to which courts can assert personal jurisdiction over out-of-state residents. First, "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it[.]" Id. at 316, 66 S. Ct. at 158, 90 L. Ed. at 102. Second, the minimum contacts must be of a nature and extent "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Ibid. (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L. Ed. 278, 283 (1940)); see also Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283

(1958); <u>McGee v. Int'l Life Ins. Co.</u>, 355 <u>U.S.</u> 220, 78 <u>S. Ct.</u> 199, 2 <u>L. Ed.</u> 2d 223 (1957). "[T]he requisite quality and quantum of contacts is dependent on whether general or specific jurisdiction is asserted[.]" <u>Citibank, N.A. v. Estate of Simpson</u>, 290 <u>N.J. Super.</u> 519, 526 (App. Div. 1996).

"If a cause of action is unrelated to the defendant's contacts with the forum state, the court's jurisdiction is general." <u>Mische v. Bracey's Supermarket</u>, 420 <u>N.J. Super.</u> 487, 491 (App. Div. 2011); <u>see also</u> <u>Charles Gendler & Co. v. Telecom Equip. Corp.</u>, 102 <u>N.J.</u> 460, 472 (1986). For general jurisdiction to obtain, the defendant must have contacts with this State that are "'so continuous and substantial as to justify subjecting the defendant to jurisdiction.'" <u>Waste Mgmt., Inc. v. The Admiral Ins. Co.</u>, 138 <u>N.J.</u> 106, 123 (1994), <u>cert. denied sub nom.</u>, <u>WMX Techs. v. Canadian Gen. Ins. Co.</u>, 513 <u>U.S.</u> 1183, 115 <u>S. Ct.</u> 1175, 130 <u>L. Ed.</u> 2d 1128 (1995) (quoting <u>Gendler</u>, <u>supra</u>, 102 <u>N.J.</u> at 472); <u>see also</u> <u>Jacobs v. Walt Disney World, Co.</u>, 309 <u>N.J. Super.</u> 443, 452 (App. Div. 1998). "This standard for establishing general jurisdiction is difficult to meet, requiring extensive contacts between a defendant and a forum." <u>Mische</u>, <u>supra</u>, 420 <u>N.J. Super.</u> at 492.

Specific jurisdiction is available when the "cause of action arises directly out of a defendant's contacts with the

forum state." Waste Mgmt., supra, 138 N.J. at 119. In this context, a "'minimum contacts inquiry must focus on the relationship among the defendant, the forum, and the litigation.'" Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989). The minimum contacts requirement is satisfied "so long as the contacts expressly resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." Ibid. (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98, 100 S. Ct. 559, 567-68, 62 L. Ed. 2d 490, 501-02 (1980)). "In determining whether the defendant's contacts are purposeful, a court must examine the defendant's 'conduct and connection' with the forum state and determine whether the defendant should 'reasonably anticipate being haled into court [in the forum state].'" Bayway Ref. Co. v. State Utils., Inc., 333 N.J. Super. 420, 429 (App. Div.), certif. denied, 165 N.J. 605 (2000) (quoting World-Wide Volkswagen Corp., supra, 444 U.S. at 297, 100 S. Ct. at 567, 62 L. Ed. 2d at 501).

Stated otherwise, when the defendant is not present in the forum state, "'it is essential that there be some act by which the defendant purposefully avails [herself] of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws.'" Waste Mgmt., supra, 138

N.J. at 120 (quoting Hanson, supra, 357 U.S. at 253, 78 S. Ct. at 1240, 2 L. Ed. 2d at 1298). This "purposeful availment" requirement ensures that an out-of-state defendant will not be haled into court based on "random, fortuitous, or attenuated contacts or as a result of the unilateral activity of some other party." Id. at 121; see also Blakey v. Cont'l Airlines, 164 N.J. 38, 67 (2000).

There is no requirement that the defendant ever be physically present in the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S. Ct. 2174, 2184, 85 L. Ed. 2d 528, 543 (1985). The Supreme Court has indicated that:

> Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.
>
> [Ibid.]

Thus, "the existence of minimum contacts turns on the presence or absence of intentional acts of the defendant to avail itself of some benefit of a forum state." Waste Mgmt.,

supra, 138 N.J. at 126.  After an examination of the defendant's minimum contacts with the state, the court must determine whether "the assertion of jurisdiction affect[s] traditional notions of fair play and substantial justice."  Blakey, supra, 164 N.J. at 69.

Ultimately, the presence or absence of personal jurisdiction must be determined "on a case-by-case basis." Bayway Ref. Co., supra, 333 N.J. Super. at 429.  This analysis requires a judicial examination of several elements in an effort to satisfy the notions of "fair play and substantial justice." Lebel, supra, 115 N.J. at 328.  Specifically, the court must consider:

> [T]he burden on the defendant, the interests of the forum [s]tate, and the plaintiff's interest in obtaining relief.  It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several [s]tates in furthering fundamental substantive social policies."
>
> [Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92, 105 (1987) (quoting World-Wide Volkswagen, supra, 444 U.S. at 292, 100 S. Ct. at 564, 62 L. Ed. 2d at 498).]

With those precedents in view, we turn to consider whether Baanyan has met its burden of establishing a prima facie basis

for exercising personal jurisdiction over defendant. <u>See</u> <u>Blakey</u>, <u>supra</u>, 164 <u>N.J.</u> at 71. Because the trial court dismissed the action on defendant's motion prior to discovery, we assume that Baanyan can establish all of its allegations and assertions. <u>NCP Litig. Trust v. KPMG LLP</u>, 187 <u>N.J.</u> 353, 365-66 (2006). Our review of the trial court's ruling on a motion to dismiss for lack of jurisdiction at the inception of the case is de novo. <u>Mastondrea v. Occidental Hotels Mgmt. S.A.</u>, 391 <u>N.J.</u> <u>Super.</u> 261, 268 (App. Div. 2007).

The extensive contacts required for establishing general jurisdiction are not present here. It is undisputed that defendant never resided nor did business in New Jersey, and that at all relevant times she acted in Illinois, servicing two of Baanyan's customers located there.

To establish specific jurisdiction, plaintiff argues that defendant purposefully sought out employment from Baanyan. As noted, the burden is on Baanyan to "allege or plead sufficient facts" to warrant the court's exercise of jurisdiction, <u>see</u> <u>Blakey</u>, <u>supra</u>, 164 <u>N.J.</u> at 71, and it must do so by way of "sworn affidavits, certifications, or testimony." <u>Jacobs</u>, <u>supra</u>, 309 <u>N.J. Super.</u> at 454 (quoting <u>Catalano v. Lease & Rental Mgmt. Corp.</u>, 252 <u>N.J. Super.</u> 545, 547-48 (Law Div. 1991)). In the present litigation, the record simply does not

support Baanyan's argument. The certification of Baanyan's president, Raghu Daripali, merely states that plaintiff and defendant "entered into a Consultant Agreement" whereby plaintiff would employ defendant as a consultant. Defendant's supplemental certification, on the other hand, avers that she "was recommended to [Baanyan] by a sales person, Sai Sudani, who worked . . . at Baanyan's office in Hyderabad, India," and that defendant discussed the terms and conditions with Baanyan's representatives in India. Additionally, Baanyan's website proclaims that it "finds and retains qualified professionals," and, "[r]eaching out from its locations in USA and India, [it] is able to locate and attract the very best computing talent from all over the globe." Thus, contrary to plaintiff's argument, there is no evidence in the record to support the contention that defendant sought out employment with Baanyan in New Jersey.

Additionally, we have held that telephonic and electronic communications with individuals and entities located in New Jersey alone, are insufficient minimum contacts to establish personal jurisdiction over a defendant. Pfundstein v. Omnicon Grp. Inc., 285 N.J. Super. 245, 252 (App. Div. 1995). In Pfundstein, the panel found that New Jersey courts did not have jurisdiction over a New York corporation that executed a

severance agreement with the plaintiff, an executive of the New York corporation's subsidiary. Ibid. The court noted that negotiation of the provisions of the agreement via telephonic and interstate mail communications was not an attempt by the defendant to "tap an interstate market or avail itself of the privilege of doing business" in New Jersey, but rather was "a 'fortuitous' or 'attenuated' contact between [the defendant] and New Jersey." Ibid. Thus, the court held that New Jersey could not exercise specific jurisdiction over the defendant. Ibid.

Similarly, the fact that defendant received payment from Baanyan, and submitted timesheets to Baanyan, does not support a finding of personal jurisdiction as this was all done electronically and did not require any contact with New Jersey. See Mellon Bank (EAST) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 555 (3d Cir. 1993) (noting that courts have rejected the notion that accepting checks drawn on a bank in the forum state is a valid basis for finding jurisdiction).

Finally, Baanyan argues that subjecting defendant to personal jurisdiction in New Jersey does not offend traditional notions of fair play and substantial justice. However, plaintiff's interest in obtaining relief is but one of the facts that we must consider in determining whether the exercise of personal jurisdiction over defendant here is reasonable.

Nothing in the record supports a finding that plaintiff, a multinational corporation, could not obtain the relief it seeks in Tennessee, where defendant resides, or in Illinois, where all of defendant's consulting services were rendered, and Baanyan's customers who benefited therefrom are located. Moreover, any breach of contract or tort that was allegedly committed occurred in Illinois. New Jersey's nexus to, and interest in, the dispositive events that occurred in Illinois, is virtually nonexistent.

In summary, we conclude that defendant's contacts with New Jersey are attenuated at best. They are not continuous and systematic so as to establish general jurisdiction. They are more akin to random, fortuitous contacts, rather than a purposeful availment of the benefits and privileges of New Jersey law, and hence are likewise insufficient to establish specific jurisdiction. Additionally, to allow Baanyan, an international company, to compel an individual employee to defend against a New Jersey lawsuit, where that employee was hired to work in Illinois, and never lived in, worked in, or visited New Jersey, violates principles of "fair play and substantial justice." Lebel, supra, 115 N.J. at 328. We are therefore satisfied that the facts support the trial judge's finding that Baanyan failed to establish that defendant has

sufficient minimum contacts with the State of New Jersey for jurisdiction to exist.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION