NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2476-15T3

ASHLEY NELSON-GUEDEZ and
LYNDSAY NELSON-NUGENT,

 Plaintiffs-Appellants,

v.

JACQUELINE T. LIMOLI, f/k/a
JACQUELINE T. NELSON, and/or
JACKY NELSON,

 Defendant-Respondent.
_______________________________________________

 Argued telephonically March 22, 2017 –
 Decided September 19, 2017

 Before Judges Espinosa and Guadagno.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Union County,
 Docket No. C-101-15.

 Richard J. Kaplow argued the cause for
 appellants.

 Stephen J. Edelstein argued the cause for
 respondent (Schwartz Simon Edelstein &
 Celso, LLC, attorneys; Lawrence S. Schwartz
 and Mr. Edelstein, of counsel and on the
 brief; Stephen R. Catanzaro, on the brief).

PER CURIAM
 Plaintiffs Ashley Nelson-Guedez and Lyndsay Nelson-Nugent

appeal from the February 1, 2016 Chancery Division order

dismissing their complaint with prejudice. We affirm.

 Plaintiffs are the daughters of Paul Nelson, who died in

2007. Paul Nelson's father, Theodore Nelson, died in February

2011, leaving each of his four children an equal share of his

estate. Defendant Jacqueline Limoli,1 who was married to Paul

Nelson at the time of his death, received her late husband's

share of Theodore Nelson's estate.

 Plaintiffs allege that, shortly after Theodore Nelson's

death, defendant agreed to divide her inheritance into thirds,

with one-third, or approximately one million dollars, going to

each of them. On May 26, 2011, defendant executed a written

document indicating that as of May 9, 2011, she has given or

will give $500,000 to Ashley. In addition, defendant gave

approximately $250,000 to Lyndsay in various forms.

 In September 2015, plaintiffs filed a complaint in the

Union County Chancery Division seeking to compel defendant to

fully perform her agreement to transfer monies to plaintiffs.

Defendants moved to dismiss for failing to state a claim upon

which relief can be granted pursuant to Rule 4:6-2(e).

1
 During her marriage to Paul Nelson, defendant was known as
Jacqueline or "Jacky" Nelson.

 2 A-2476-15T3
 After hearing oral argument, Chancery Judge Katherine R.

Dupuis granted defendant's motion. In a statement of reasons

accompanying her dismissal order, Judge Dupuis found defendant,

who was domiciled in Vermont, was not subject to the court's

personal jurisdiction because there were insufficient contacts

with New Jersey. Although the estate was probated in New Jersey

and the alleged promise was made here, the judge held those

contacts did not overcome the burden to defendant in appearing

in a New Jersey court.

 On appeal, plaintiffs argue their complaint is not subject

to dismissal for lack of personal jurisdiction or failure to

state a claim upon which relief can be granted.

 In considering a motion to dismiss under Rule 4:6-2(e), we

must search the allegations of the pleading in depth and with

liberality to determine whether a cause of action is "suggested"

by the facts. Printing Mart-Morristown v. Sharp Electronics

Corp., 116 N.J. 739, 746 (1989). We must "ascertain whether the

fundament of a cause of action may be gleaned even from an

obscure statement of claim, opportunity being given to amend if

necessary." Ibid. (quoting Di Cristofaro v. Laurel Grove

Memorial Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). "If a

generous reading of the allegations merely suggests a cause of

 3 A-2476-15T3
action, the complaint will withstand the motion." F.G. v.

MacDonell, 150 N.J. 550, 556 (1997).

 We employ a plenary standard of review to the motion

judge's decision to grant or deny a motion to dismiss pursuant

to Rule 4:6-2(e) and owe no deference to the judge's

conclusions. Rezem Family Assocs., LP v. Borough of Millstone,

423 N.J. Super. 103, 114 (App. Div.), certif. denied, 208 N.J.

366 (2011).

 "The Due Process Clause protects an individual's liberty

interest in not being subject to the binding judgments of a

forum with which he has established no meaningful 'contacts,

ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S.

462, 471-72, 105 S. Ct. 2174, 2181, 85 L. Ed. 2d 528, 540 (1985)

(quoting International Shoe Co. v. Washington, 326 U.S. 310,

319, 66 S. Ct. 154, 160, 90 L. Ed. 95, 104 (1945)). "The Due

Process Clause . . . limits the power of a state court to render

a valid personal judgment against a nonresident defendant."

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100

S. Ct. 559, 564, 62 L. Ed. 2d 490, 497 (1980).

 Although New Jersey's long-arm provision permits our courts

to assert jurisdiction over nonresidents, the use of that

authority must comply with the due process limits imposed by the

United States Constitution. Avdel Corp. v. Mecure, 58 N.J. 264,

 4 A-2476-15T3
268 (1971). Critical to the due-process analysis is the

question whether the defendant should reasonably anticipate

being haled into court in the forum state. Burger King, supra,

471 U.S. at 474, 105 S. Ct. at 2183, 85 L. Ed. 2d at 542.

"[T]he requisite quality and quantum of contacts is dependent on

whether general or specific jurisdiction is asserted[.]"

Citibank, N.A. v. Estate of Simpson, 290 N.J. Super. 519, 526

(App. Div. 1996).

 "If a cause of action is unrelated to the defendant's

contacts with the forum state, the court's jurisdiction is

'general.'" Mische v. Bracey's Supermarket, 420 N.J. Super. 487,

491 (App. Div. 2011). To obtain general jurisdiction, the

defendant must have contacts with this State that are "'so

continuous and substantial as to justify subjecting the

defendant to jurisdiction.'" Waste Management, Inc. v. Admiral

Ins. Co., 138 N.J. 106, 123 (1994) (internal citations omitted),

cert. denied sub nom., WMX Techs. v. Canadian Gen. Ins. Co., 513

U.S. 1183, 115 S. Ct. 1175, 130 L. Ed. 2d 1128 (1995).

 Specific jurisdiction is available when the "cause of

action arises directly out of a defendant's contacts with the

forum state." Waste Mgmt., supra, 138 N.J. at 119. The "minimum

contacts inquiry must focus on 'the relationship among the

defendant, the forum, and the litigation.'" Lebel v. Everglades

 5 A-2476-15T3
Marina, Inc., 115 N.J. 317, 323 (1989) (quoting Shaffer v.

Heitner, 433 U.S. 186, 204, 97 S. Ct. 2569, 2579, 53 L. Ed. 2d

683, 698 (1977)). "The 'minimum contacts' requirement is

satisfied so long as the contacts resulted from the defendant's

purposeful conduct and not the unilateral activities of the

plaintiff." Ibid.

 A nonresident's direct contacts with the forum may vest the

court with specific jurisdiction. Fairfax Fin. Holdings Ltd. v.

S.A.C. Capital Mgmt., L.L.C., 450 N.J. Super. 1, 74 (App. Div.

2017). "In assessing the sufficiency of the relationship

between the forum and the nonresident, the initial step examines

two factors: whether minimum contacts exist at all and whether

those contacts provide adequate grounds for asserting

jurisdiction." Ibid.

 If a plaintiff demonstrates the existence of minimum

contacts, the inquiry shifts to verifying that "the maintenance

of the suit [would] not offend traditional notions of fair play

and substantial justice." Int'l Shoe, supra, 326 U.S. at 316, 66

S. Ct. at 158, 90 L. Ed. at 102 (internal quotation omitted).

Relevant factors in the "fair play" evaluation include "the

burden on [the] defendant, the interests of the forum state, the

plaintiff's interest in obtaining relief, the interstate

judicial system's interest in efficient resolution of disputes,

 6 A-2476-15T3
and the shared interest of the states in furthering fundamental

substantive social policies." Waste Mgmt., supra, 138 N.J. at

124-25.

 To establish defendant's minimum contacts with New Jersey,

plaintiffs rely not only on defendant's travel here and her

communication with New Jersey residents, but point to the

actions and contacts of other parties. Plaintiffs reference

defendant's "frequent visits" to New Jersey to visit plaintiff

Lyndsay Nelson-Nugent; defendant's travel to New Jersey to

attend Theodore Nelson's funeral; Theodore Nelson's New Jersey

residence; the sale of property located in New Jersey which

accounted for a significant portion of the inherited estate; the

administration of the estate by a New Jersey law firm; and the

New Jersey residence of the executrix of the estate.

 When examining minimum contacts, the focus must be on

contacts defendant creates with the forum state, as "the State's

adjudicative authority principally protect the liberty of the

nonresident defendant — not the convenience of plaintiffs or

third parties." Walden v. Fiore, ___ U.S. ___, ___, 134 S. Ct.

1115, 1122, 188 L. Ed. 2d 12, 20 (2014). Courts have

consistently rejected attempts to satisfy the minimum contacts

inquiry by demonstrating contacts between the plaintiff or third

parties and the forum State. Ibid. (citing Helicopteros

 7 A-2476-15T3
Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 417, 104 S.

Ct. 1868, 80 L. Ed. 2d 404 (1984)) ("[The] unilateral activity

of another party or a third person is not an appropriate

consideration when determining whether a defendant has

sufficient contacts with a forum State to justify an assertion

of jurisdiction"). "[O]ur 'minimum contacts' analysis looks to

the defendant's contacts with the forum State itself, not the

defendant's contacts with persons who reside there." Ibid.;

Baanyan Software Services, Inc. v. Kuncha, 433 N.J. Super. 466,

477 (App. Div. 2013) ("[C]ommunications with individuals and

entities located in New Jersey alone," constitute "insufficient

minimum contacts to establish personal jurisdiction over a

defendant.").

 In summary, defendant's contacts with New Jersey were

limited, sporadic, and insufficient to establish general

jurisdiction. There is no evidence that she sought to avail

herself of the benefits and privileges of New Jersey law and

thus do not establish specific jurisdiction. We are therefore

satisfied that the facts support Judge Depuis' finding that

plaintiffs failed to establish that defendant has sufficient

minimum contacts with the State of New Jersey for jurisdiction

to exist.

 8 A-2476-15T3
 As New Jersey lacked jurisdiction over defendant, we need

not address plaintiffs' arguments regarding the sufficiency of

their complaint.

 Affirmed.

 9 A-2476-15T3