**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4142-15T1

THOMAS HAWKINS,

      Plaintiff-Appellant,

v.

BRANT QUICK and
FLORIDA COACH, INC.,

      Defendants-Respondents.

_____

      Argued August 15, 2017 — Decided September 22, 2017

      Before Judges Messano and Sumners.

      On appeal from the Superior Court of New
      Jersey, Law Division, Atlantic County, Docket
      No. L-2658-15.

      Ronald A. Rosa argued the cause for appellant
      (Jacobs & Barbone, PA, attorneys; Louis M.
      Barbone and Daniel J. Solt, on the brief).

      Dennis M. Marconi argued the cause for
      respondents (Barnaba & Marconi, LLP,
      attorneys; Mr. Marconi and Tyler L. Williams,
      on the brief).

PER CURIAM

    Plaintiff Thomas Hawkins, a New Jersey resident, was a

passenger on a bus driven by defendant Brant Quick and owned by

defendant Florida Coach, Inc. (Coach and collectively, defendants). On November 23, 2013, while traveling on Interstate 30 in Texas, the bus crashed into a bridge underpass. Plaintiff filed this complaint, alleging defendants' negligence caused him personal injuries.

Defendants moved to dismiss the complaint in lieu of an answer, arguing lack of personal and subject matter jurisdiction. In a supporting certification, defense counsel stated that Quick is a resident of Florida, and Coach was formed and established under Florida law with its headquarters in Kissimmee, Florida. Although plaintiff's appellate brief claims that he filed a certification and brief in opposition, the appendix does not contain copies of either.

Without oral argument, which neither side apparently sought, the judge granted defendants' motion. His April 18, 2016 order dismissed the complaint with prejudice because "[p]laintiff provide[d] no factual basis to establish either personal or subject matter jurisdiction as to [d]efendants."[1] This appeal followed.

---

[1] The motion was brought only on behalf of Coach. However, the judge's order dismissed the complaint as to both defendants and there is apparently no dispute that he considered the motion as to both defendants.

Plaintiff argues the judge should have permitted jurisdictional discovery before dismissing the complaint. We disagree and affirm dismissal of the complaint.

"The question of in personam jurisdiction is a mixed question of law and fact." Citibank, N.A. v. Estate of Simpson, 290 N.J. Super. 519, 532 (App. Div. 1996). Although we defer to the judge's factual findings when supported by substantial, credible evidence, we review the judge's legal conclusion regarding personal jurisdiction de novo. Mastondrea v. Occidental Hotels Mgmt. S.A., 391 N.J. Super. 261, 268 (App. Div. 2007).

"If a cause of action is unrelated to the defendant's contacts with the forum state, the court's jurisdiction is general." Baanyan Software Servs., Inc. v. Kuncha, 433 N.J. Super. 466, 474 (App. Div. 2013) (quoting Mische v. Bracey's Supermarket, 420 N.J. Super. 487, 491 (App. Div. 2011) (internal quotations omitted)). "Th[e] standard for establishing general jurisdiction is a difficult one to meet, requiring extensive contacts between a defendant and a forum." Mische, supra, 420 N.J. Super. at 492 (internal quotations omitted).

"The burden [is] on plaintiff to allege or plead sufficient facts with respect to jurisdiction." Blakey v. Cont'l Airlines, Inc., 164 N.J. 38, 71 (2000). "[A] plaintiff must establish defendant's contacts with the jurisdiction through the use of

'sworn affidavits, certifications, or testimony.'" <u>Jacobs v. Walt Disney World, Co.</u>, 309 <u>N.J. Super.</u> 443, 454 (App. Div. 1998) (citations omitted).

We reject plaintiff's assertion that he was entitled to jurisdictional discovery before the judge dismissed his complaint. In <u>Blakey</u>, while recognizing the use of jurisdictional discovery, the Court placed the burden on plaintiff to initially "state with specificity the factual basis of [his] jurisdictional claims." <u>Blakey</u>, <u>supra</u>, 164 <u>N.J.</u> 71. While the level of specificity may be limited in a case with jurisdictional uncertainty, that does not relieve the plaintiff of at least "alleg[ing] or plead[ing] sufficient facts with respect to jurisdiction." <u>Ibid.</u>

Plaintiff's complaint alleged no facts establishing New Jersey's jurisdiction over defendants. Defendants asserted sufficient facts to establish they had no territorial presence in this state. The burden then shifted to plaintiff, who had to demonstrate why defendants nonetheless were amenable to personal jurisdiction based on minimum contacts with New Jersey. <u>Ibid.</u> Notably, plaintiff supplied no facts in opposing defendants' motion that established any basis for personal or subject matter jurisdiction, and plaintiff was not entitled to jurisdictional discovery in their absence.

Additionally, plaintiff contends it was error to dismiss the complaint with prejudice. We agree.

"Generally, a dismissal that is 'on the merits' of a claim is with prejudice, but a dismissal that is 'based on a court's procedural inability to consider a case' is without prejudice." Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 243 (1998) (quoting Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 415-16 (1991)). A dismissal based upon lack of jurisdiction is not an adjudication on the merits. Exxon Research & Eng'g. Co. v. Indus. Risk Insurers, 341 N.J. Super. 489, 519 (App. Div. 2001); see also R. 4:37-2(d) (excepting dismissal for lack of jurisdiction from other types of dismissals that act as an adjudication on the merits).

We therefore reverse the order to the extent it dismissed plaintiff's complaint with prejudice. We specifically refrain from addressing whether, assuming he can establish jurisdiction, plaintiff may file a new complaint that is not time-barred pursuant to N.J.S.A. 2A:14-2 (requiring a personal injury claim to be filed within two years of the date it accrued).

Affirmed in part; reversed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION