**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2332-22

GLORIA V. GOMEZ,

     Plaintiff-Appellant,

v.

FELICIA WILSON, DDS, MS,
and IMPLANT DENTISTRY
ASSOCIATES OF
PHILADELPHIA, P.C.,

     Defendants-Respondents.

_____

Submitted April 9, 2024 – Decided April 15, 2024

Before Judges Puglisi and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1065-20.

Gold, Albanese & Barletti, LLC, attorneys for appellant (Walter A. Laufenberg, on the brief).

Burns White, LLC, attorneys for respondents (Erika Lynn Lower, on the brief).

PER CURIAM

This case returns to us after remand proceedings directed by our previous opinion. Gomez v. Wilson, No. A-1061-20 (App. Div. Jan. 24, 2022) (slip op. at 8). Because the parties are thoroughly familiar with this decision and the underlying procedural history and facts, we do not repeat them here in detail.

In our prior opinion, we held that New Jersey did not have specific jurisdiction over defendants in this dental malpractice case. Id. at 6.[1] However, we determined that the trial court should have given the parties the opportunity to obtain discovery on the question of whether New Jersey had general jurisdiction over defendants before considering defendants' motion to dismiss the complaint. Id. at 8.

During the remand proceedings, the parties learned that "ClearChoice Dental Implant Centers," one of the defendants plaintiff had named in her complaint, had been improperly included because it was not a legal corporate entity. Therefore, the caption of the complaint was amended to state that "Implant Dentistry Associates of Philadelphia, P.C." (Implant Dentistry) was the corporate entity[2] responsible for maintaining the dental office in Fort

---

[1] The parties do not contest this ruling in this appeal.

[2] Implant Dentistry is a Pennsylvania corporation.

A-2332-22

Washington, Pennsylvania where plaintiff received all of her treatment relative to her cause of action.

Felicia Wilson, the dentist who performed the dental implant procedure on plaintiff, confirmed that she exclusively treated plaintiff in the Pennsylvania office and that she was not domiciled in New Jersey.[3] Wilson also asserted that the ClearChoice facility that plaintiff alleged she maintained in Mount Laurel, New Jersey was an entirely separate entity from Implant Dentistry. Plaintiff provided no competent evidence to the contrary during discovery.

Plaintiff served two sets of written interrogatories upon defendants during the remand and defendants answered both of them. The trial court later gave plaintiff another opportunity to seek additional discovery by extending the discovery period to September 30, 2022. However, plaintiff did not seek any further discovery. She also never filed a motion asking for more responsive answers or any other information from defendants.

Defendants thereafter filed a motion to dismiss plaintiff's complaint for lack of jurisdiction. Defendants also asserted that plaintiff's complaint was barred by the statute of limitations.

---

[3] Wilson is listed as the incorporator of Implant Dentistry in its Articles of Incorporation.

A-2332-22

Following oral argument, the trial court granted defendants' motion to dismiss the complaint with prejudice on jurisdictional grounds.[4]  In its written decision, the court found that New Jersey lacked general jurisdiction over Implant Dentistry because plaintiff failed to show that this Pennsylvania corporation had any contacts with this State and plaintiff conceded that all of her treatment occurred in the corporation's Pennsylvania office.  Likewise, New Jersey had no jurisdiction over Wilson because she was not domiciled in this State and performed all of her work on plaintiff in Pennsylvania.  This appeal followed.

On appeal, plaintiff contends the trial court erred in concluding that New Jersey lacked general jurisdiction over defendants.  We disagree.

Whether a motion to dismiss for lack of personal jurisdiction should have been granted presents a mixed question of law and fact that must be resolved at the outset of the proceedings.  Rippon v. Smigel, 449 N.J. Super. 344, 359 (App. Div. 2017).  On appeal, we examine whether the trial court's factual findings were supported by substantial credible evidence; however, we review de novo whether those facts supported the court's legal determination on the jurisdiction

---

[4]  Because the court dismissed the complaint for lack of jurisdiction, it did not address defendants' statute of limitations argument.

issue. <u>Patel v. Karnavati Am., LLC</u>, 437 N.J. Super. 415, 423 (App. Div. 2014). The plaintiff "bears the burden of pleading sufficient facts to establish jurisdiction." <u>Ibid.</u> "When a motion to dismiss for lack of jurisdiction is made, it is only the jurisdictional allegations that are relevant, not the sufficiency of the allegations respecting the cause of action." <u>Rippon</u>, 449 N.J. Super. at 359-60.

For a state to have personal jurisdiction over a nonresident defendant and satisfy due process, the defendant must have certain minimum contacts with the forum state. <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316-17 (1945). Thus, the primary focus of the personal jurisdiction inquiry is the defendant's relationship to the forum state. <u>Jardim v. Overley</u>, 461 N.J. Super. 367, 375 (App. Div. 2019). The United States Supreme Court has recognized two types of personal jurisdiction: general and specific. <u>Ibid.</u>[5]

Under general jurisdiction, a defendant may be sued for "virtually any claim, even if unrelated to the defendant's contacts with the forum," provided that the defendant's activities "can be characterized as 'continuous and systematic' contacts." <u>Lebel v. Everglades Marina, Inc.</u>, 115 N.J. 317, 323

---

[5] As previously noted, we determined that New Jersey lacked specific jurisdiction over defendants and, therefore, we do not further address that issue.

(1989) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)). Such contacts require that it essentially be "at home" in the foreign state, such as by having its principal place of business there or being incorporated there. Daimler AG v. Bauman, 571 U.S. 117, 128 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Thus, for there to be general jurisdiction, there must be "extensive" contacts between a defendant and a forum. Mische v. Bracey's Supermarket, 420 N.J. Super. 487, 492 (App. Div. 2011) (quoting Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)).

Here, defendants had no contacts with New Jersey. Wilson treated plaintiff in Pennsylvania and is not domiciled in New Jersey. Therefore New Jersey has no jurisdiction over her. Dutch Run-Mays Draft, LLC v. Wolf Block, LLP, 450 N.J. Super. 590, 602 (App. Div. 2017). Implant Dentistry is a Pennsylvania corporation that maintains its only office in that state. All of plaintiff's treatments occurred in that Pennsylvania office.[6] We are therefore

---

[6] As she did in the first appeal, plaintiff again attempts to tie Wilson to a ClearChoice office in Mount Laurel, New Jersey. However, plaintiff has provided no competent evidence to support her claim on this point and she admits in her current appellate brief that "[i]t remains unknown when the Mount Laurel, New Jersey office came into existence and what the current status of the office is."

A-2332-22

satisfied that the trial court properly dismissed plaintiff's complaint against both defendants for lack of jurisdiction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2332-22