**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2147-23

WILLIAM F. KAETZ,

      Plaintiff-Appellant,

v.

STEVEN C. TOWNSEND and
EDDY TOWNSEND GRAVINA
& BENDIK,

      Defendants-Respondents.

_____

        Submitted March 12, 2025 – Decided March 24, 2025

        Before Judges Rose and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5589-23.

        William F. Kaetz, appellant pro se.

        Marshall Dennehey, PC, attorneys for respondents (Walter F. Kawalec, III, and Howard B. Mankoff, on the brief).

PER CURIAM

Plaintiff William F. Kaetz appeals from a February 26, 2024 Law Division order denying reconsideration of a January 16, 2024 order, dismissing his self-represented legal malpractice complaint against Steven C. Townsend and Eddy Townsend Gravina & Bendik (collectively, defendants) for lack of personal jurisdiction pursuant to Rule 4:6-2(b). Based on our review of the record and the applicable legal principles, we affirm.

The pertinent facts are undisputed. In August 2021, plaintiff pled guilty to a crime in federal court in the Western District of Pennsylvania. Plaintiff was sentenced to a sixteen-month prison term, a three-year term of supervised release, and a 180-day home-detention period. For reasons not relevant to our review, plaintiff challenged certain aspects of his sentence and his ensuing motions in federal court were dismissed.

Thereafter, the United States Probation Office sought modification of plaintiff's supervision. We glean from defendants' responding brief, in August 2023, Townsend was appointed to represent plaintiff. Eight months later, the federal court granted "Townsend's second motion to withdraw and he ceased representing [p]laintiff."

Meanwhile, in October 2023, plaintiff filed his complaint, generally asserting defendants committed professional malpractice in Townsend's

representation of plaintiff's "'request' to modify a 2-year-old plea agreement contract." In his complaint, plaintiff asserted the Law Division "ha[d] jurisdiction over this case" because defendants "were conducting business in New Jersey by representing [plaintiff]" when he was a resident of this state.

Defendants moved to dismiss the complaint for lack of personal jurisdiction, asserting they "ha[d] absolutely no contact with New Jersey." In support of their motion, defendants filed Townsend's certification asserting:

> 1. I am a Pennsylvania licensed attorney, PA Bar ID #[XXXXX], admitted in the following jurisdictions: U.S. District Court for the Western District of Pennsylvania, U.S. District Court for the Middle District of Pennsylvania, U.S. Court of Appeals for the Third Circuit, and U.S. District Court for [the] Central District of Illinois.
>
> 2. On August 28, 2023, I was appointed by the Chief United States District Judge . . . to represent the interests of [plaintiff] . . . in the Western District of Pennsylvania.
>
> 3. At no time did I travel to New Jersey regarding the above representation.
>
> 4. At no time did I meet with [plaintiff] in New Jersey.
>
> 5. I have not conducted any business activities, owned property, held employment, maintained a residence, or engaged in any other personal or professional affiliations within the [S]tate of New Jersey.

A-2147-23

Following oral argument, the motion court reserved decision and shortly thereafter granted defendants' motion.  In a ten-page written rider to the January 16, 2024 order, the court thoroughly addressed the issues raised in view of the record and the governing legal principles.  In its well-reasoned decision, the court cited Townsend's certification and concluded:

> [T]he evidence shows [d]efendants provided only legal services in the Pennsylvania matter after being assigned by the Pennsylvania court.  Defendants thus did not purposely avail themselves of conducting activity in New Jersey.  Thus, the record clearly reflects that [d]efendants could not have reasonably . . . appear[ed] in a New Jersey court in connection with this matter.  While the court makes no determination of the validity of [p]laintiff's claims, it is clear from the record and facts presented, this court does not have jurisdiction over defendants.

The same judge denied plaintiff's ensuing reconsideration motion.  In a seven-page rider and memorializing order issued on February 26, 2024, the court found plaintiff "failed to meet the burden required for reconsideration of a prior ruling."  This appeal followed.

In his self-represented merits brief, plaintiff raises the following arguments for our consideration:

[POINT I]

The Lower Court Caused Structural Errors by Evading the Facts. . . . [Defendants] were Employed by a

4

Domestic Corporation of This Forum State, and Offended Constitutional Rights, Both Give This Forum State Jurisdiction Over [Defendants].

## [POINT II]

Judicial Discretion was Abused.

In his reply brief, plaintiff raises the following arguments:

## [POINT I]

[ Defendant]s' Response Brief Should Be Stricken.

## [POINT II]

The Cause of The Litigants' Connection was the United States.

## [POINT III]

[Plaintiff]'s Habeas Corpus Matters.

## [POINT IV]

Argument of the Illegitimacy of the Processing and Administering Legislative History as Law.

## [POINT V]

Enforcement of the Constitution Takes Precedence.

## [POINT VI]

Analogy.

A-2147-23

The crux of plaintiff's arguments is that the motion court violated his "5th Amendment right to the due process of law and the 7th Amendment right to sue" by dismissing his complaint for lack of jurisdiction. Plaintiff argues "the United States is a domestic corporation in New Jersey and in every state of the union, . . . [defendants] were hired by the domestic corporation, therefore this forum state has jurisdiction over . . . [defendants], and their malpractice actions harming [plaintiff]'s [c]onstitutional rights that is domiciled in, and is a resident of, this forum state." Plaintiff claims New Jersey has concurrent jurisdiction.

Well-settled principles guide our review. Generally, absent an abuse of discretion, appellate courts will not disturb a trial court's order on a motion for reconsideration. See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). An abuse of discretion arises when a decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Servs., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Unlike reconsideration motions to alter or amend final judgments and final orders, which are governed by Rule 4:49-2, a motion for reconsideration of an interlocutory order is governed by the "far more liberal approach" set forth in

Rule 4:42-2. Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021). "Rule 4:42-2 declares that interlocutory orders 'shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice.'" Ibid. (quoting R. 4:42-2).

"A court's jurisdiction is 'a mixed question of law and fact' that must be resolved at the outset, 'before the matter may proceed.'" Rippon v. Smigel, 449 N.J. Super. 344, 359 (App. Div. 2017) (quoting Citibank, N.A. v. Est. of Simpson, 290 N.J. Super. 519, 532 (App. Div. 1996)). Accordingly, our review is de novo, but we will not disturb a trial court's factual findings concerning jurisdiction "if those findings are supported by substantial, credible evidence in the record." Id. at 358.

"A New Jersey court may exercise in personam jurisdiction over a non-resident defendant 'consistent with due process of law.'" Bayway Refin. Co. v. State Utils., Inc., 333 N.J. Super. 420, 428 (App. Div. 2000) (quoting R. 4:4-4(b)(1)). "New Jersey's long-arm jurisdiction extends to the 'outermost limits permitted by the United States Constitution.'" Ibid. (quoting Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971)).

A defendant can be subject either to specific or general jurisdiction. A defendant is subject to general jurisdiction on any matter, irrespective of its

relation to the State, when the "defendant has maintained continuous and systematic activities in the forum state." Ibid.  A defendant is subject to specific jurisdiction when the "cause of action arises directly out of a defendant's contacts with the forum state." Waste Mgmt., Inc. v. Admiral Ins., 138 N.J. 106, 119 (1994).

"[W]hen the defendant[s are] not present in the forum state, 'it is essential that there be some act by which the defendant[s] purposefully avail[ themselves] of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws,'" Baanyan Software Servs., Inc. v. Kuncha, 433 N.J. Super. 466, 475 (App. Div. 2013) (quoting Waste Mgmt., Inc., 138 N.J. at 120), such that the defendant can reasonably anticipate being sued in this state, Dutch Run-Mays Draft, LLC v. Wolf Block, LLP, 450 N.J. Super. 590, 599 (App. Div. 2017).  The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."  McKesson Corp. v. Hackensack Med. Imaging, 197 N.J. 262, 277 (2009) (quoting Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323-24 (1989)).  Generally, telephone calls and emails are insufficient to establish jurisdiction.  See Pfundstein v. Omnicom Grp., Inc., 285 N.J. Super. 245, 251 (App. Div. 1995).

A-2147-23

Applying these principles, we conclude, as did the motion court, New Jersey courts lack personal jurisdiction over defendants. The record establishes when Townsend represented plaintiff, defendants were located in Pennsylvania, and the cause of action in this matter arose out of conduct that occurred in that state. The record is devoid of any evidence that defendants purposely availed themselves "of the privilege of conducting activities" in New Jersey. See Baanyan Software Servs., 433 N.J. Super. at 475. We therefore conclude there were insufficient minimum contacts to establish personal jurisdiction over defendants.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary, or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division