**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5225-18T3

NEIL SEBSO,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY, by and through the Bergen County Prosecutor's Office, BERGEN COUNTY PROSECUTOR'S OFFICE, THE COUNTY OF BERGEN, by and through THE BERGEN COUNTY PROSECUTOR'S OFFICE, and DENNIS CALO, Prosecutor of Bergen County,

     Defendants,

and

ROCKLAND COUNTY, and ROCKLAND COUNTY DISTRICT ATTORNEY,

     Defendants-Respondents.

_____

Submitted June 1, 2020 – Decided August 11, 2020

Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2920-18.

Law Offices of Robert J. De Groot, attorneys for appellant (Robert J. De Groot, of counsel; Oleg Nekritin, on the brief).

Kaufman Semeraro & Leibman LLP, attorneys for respondents (R. Scott Fahrney, Jr., on the brief).

PER CURIAM

Plaintiff Neil Sebso appeals from the Law Division's April 26, 2019, Rule 4:6-2(b) order dismissing his claims against defendants Rockland County and the Rockland County District Attorney's Office (together, Rockland County) for lack of jurisdiction. The complaint alleged plaintiff suffered damages when the New York Police Department (NYPD), with the help of defendant Bergen County Prosecutor's Office (BCPO), searched plaintiff's Fort Lee apartment and seized approximately $111,000, which the BCPO later transferred to Rockland County, and which plaintiff later lost through forfeiture.

On appeal, plaintiff argues that Rockland County submitted itself to New Jersey's jurisdiction because the BCPO transferred the seized funds to Rockland County. We find no merit to plaintiff's contention and affirm substantially for

2

the reasons stated by the motion judge because plaintiff never produced any evidence that Rockland County submitted itself to New Jersey's jurisdiction.

The facts discerned from the motion record are summarized as follows. In March 2014, an NYPD detective contacted the BCPO for assistance in an NYPD investigation that had been ongoing, since 2012, into plaintiff's alleged role in an illegal gambling ring. Relying on an affidavit from a NYPD detective that was used to secure a warrant from a New York Court, a BCPO detective secured a New Jersey search warrant for plaintiff's home in Fort Lee.

The next day, members of the Fort Lee Police Department (FLPD), the BCPO, and the NYPD jointly executed the search warrant at plaintiff's residence. Approximately $111,727 was seized during the search, among other items. The BCPO transferred those funds in 2014 to Rockland County at the written request of the NYPD and pursuant to a June 24, 2014 authorization for turnover issued by the Law Division. In its application for the turnover authorization, the BCPO noted that the seized property related to a joint investigation between the "Rockland County Investigative Resource Center . . . and the [NYPD] Organized Crime Investigation Bureau."

In 2015, the Rockland County District Attorney's Office determined that the seized funds "should be transferred to the District Attorney's Asset Forfeiture

Fund" in accordance with New York law. According to the Rockland County District Attorney's Office, no one ever came forward to claim the money. By November 18, 2015, Rockland County deemed the funds to have been forfeited.

Almost three years later, on April 23, 2018, plaintiff filed his complaint in this matter for conversion, negligence, and failure to make a required disposition. The State of New Jersey, Bergen County, the BCPO, and Rockland County all responded to the complaint with motions to dismiss under Rule 4:6-2. Plaintiff responded to the motions with a motion to amend his complaint to add claims for due process and civil rights violations against all defendants.

At oral argument, plaintiff consented to dismiss Bergen County from the litigation, and the motion judge granted the State's motion to dismiss, without prejudice. The judge denied Rockland County's motion without prejudice and directed that "jurisdictional discovery" be completed within sixty days. The motion judge also granted plaintiff's motion and plaintiff filed his amended complaint.

On March 27, 2019, Rockland County filed a motion to dismiss plaintiff's amended complaint under Rule 4:6-2(b) based on a lack of jurisdiction. Plaintiff opposed the motion and filed a motion to compel discovery. In his opposition, plaintiff relied on a letter, sent by the BCPO on August 1, 2017 to plaintiff's

counsel stating "the money seized from your client was the result of an assist which this office provided to the Rockland County District Attorney's Office. The monies seized were turned over to that office." Plaintiff also argued that when Rockland County received the money, it noted in its evidence/property intake receipt that the money was being used for an "ongoing investigation," and therefore as a participant in that investigation, it submitted itself to New Jersey's jurisdiction.

After considering the parties' oral arguments, the motion judge granted Rockland County's motion and denied plaintiff's motion to compel discovery. In his oral decision, the judge concluded that New Jersey did not possess specific jurisdiction over Rockland County because Rockland County never purposefully availed itself of New Jersey. According to the judge, plaintiff could not demonstrate that Rockland County asked the NYPD to turn over the seized funds. The motion judge concluded "[t]here [was] nothing . . . to tell the [c]ourt that Rockland availed itself by way of specific jurisdiction, such that they should be haled into court in Bergen County to justify why they presently have [the] money and forfeited it under the State of New York laws."

Thereafter, plaintiff and the remaining non-Rockland County defendants entered into a stipulation of dismissal without prejudice. This appeal followed.

5

When considering a motion to dismiss a complaint based on lack of jurisdiction, R. 4:6-2(b), we "examine whether the trial court's factual findings are 'supported by substantial, credible evidence' in the record." Patel v. Karnavati Am., LLC, 437 N.J. Super. 415, 423 (App. Div. 2014) (quoting Mastondrea v. Occidental Hotels Mgmt., S.A., 391 N.J. Super. 261, 268 (App. Div. 2007)). Whether the facts support the exercise of jurisdiction is a question of law and is reviewed de novo. Mastondrea, 391 N.J. Super. at 268.

A plaintiff bears the burden to prove jurisdiction. Dutch Run-Mays Draft, LLC v. Wolf Block, LLP, 450 N.J. Super. 590, 598 (App. Div. 2017). When the motion to dismiss is made early in the litigation, a plaintiff need only demonstrate a prima facie case of personal jurisdiction, utilizing pleadings and affidavits. Jacobs v. Walt Disney World, Co., 309 N.J. Super. 443, 454 (App. Div. 1998).

In order to establish a prima facie showing of jurisdiction, plaintiff must show a defendant has "sufficient contact with the forum state 'to make it reasonable and just, according to our traditional conception of fair play and substantial justice,'" to exercise jurisdiction. Rippon v. Smigel, 449 N.J. Super. 344, 360 (App. Div. 2017) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310,

320 (1945)).  Jurisdiction over a nonresident defendant exists in two forms: specific and general.  Jacobs, 309 N.J. Super. at 452.

Under general jurisdiction, a defendant may be sued for "virtually any claim, even if unrelated to the defendant's contacts with the forum" provided "the defendant's activities in [New Jersey] can be characterized as 'continuous and systematic' contacts."  Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)).

For general jurisdiction to be applicable, a defendant's activities must be "so 'continuous and systematic' as to render [it] essentially at home in the forum [s]tate."  FDASmart, Inc. v. Dishman Pharm. & Chems. Ltd., 448 N.J. Super. 195, 202 (App. Div. 2016) (first alteration in original) (quoting Daimler AG v. Bauman, 571 U.S. 117, 119 (2014)).  A defendant's "principal place of business and place of incorporation" generally indicates where that defendant is "at home" and thus subject to general jurisdiction.  Ibid. (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).  Establishing general jurisdiction requires "extensive contacts between a defendant and a forum."  Id. at 202-03 (quoting Mische v. Bracey's Supermarket, 420 N.J. Super.

487, 492 (App. Div. 2011)). Here, there is no dispute that New Jersey did not have general jurisdiction over Rockland County.

Where, as here, New Jersey does not have general jurisdiction, it may exercise specific jurisdiction "over a defendant who has 'minimum contacts' with the state" when "the cause of action arises directly out of a defendant's contacts with [New Jersey]." Rippon, 449 N.J. Super. at 359 (quoting Lebel, 115 N.J. at 323). Minimum contacts "focus on 'the relationship among the defendant, the forum, and the litigation.'" Lebel, 115 N.J. at 323 (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).

"[M]inimum contacts" are "satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." Ibid. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98 (1980)). "[W]hen the defendant is not present in the forum state, 'it is essential that there be some act by which the defendant purposefully avails [itself] of the privilege of conducting activities within [New Jersey], thus invoking the benefit and protection of its laws,'" Baanyan Software Servs., Inc. v. Kuncha, 433 N.J. Super. 466, 475 (App. Div. 2013) (quoting Waste Mgmt. Inc. v. Admiral Ins., 138 N.J. 106, 120 (1994)), such that the defendant can reasonably anticipate being sued in this State, Dutch Run, 450 N.J. Super. at

599. The "'[p]urposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. The question is whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." McKesson Corp. v. Hackensack Med. Imaging, 197 N.J. 262, 277-78 (2009) (quoting Lebel, 115 N.J. at 323-24).

Applying these core principles here, we turn to plaintiff's pleadings and the information he submitted in opposition to Rockland County's motion to determine if he made a prima facie showing of specific jurisdiction. In his amended complaint, plaintiff alleged that "[t]he [BCPO] has advised that it only seized the property upon request by the Rockland County District Attorney's Office." However, neither of the documents that defendant submitted in opposition to plaintiff's motion demonstrated any action taken by Rockland County to avail itself of the privilege of doing business in New Jersey.

Moreover, assuming that such actions would establish jurisdiction, it was the BCPO that conducted the search of plaintiff's apartment, and ultimately seized the money that it turned over to Rockland County based upon the NYPD's directions. There is nothing in the record to suggest that Rockland County had anything to do with that search or seizure. Its only allegedly wrongful act was

deeming plaintiff's property to have been abandoned and forfeited, both of which took place solely within New York, the state, for jurisdictional purposes, of Rockland County's principal place of business and of all its operations.

At oral argument on the motion, plaintiff's counsel asserted that jurisdiction was established by virtue of the fact that Rockland County was the entity that ultimately received the seized funds. According to counsel, "[t]he evidence is that's where it wound up. It didn't come out of a vacuum. It didn't fall out of the sky. They requested the money to go there." However, the inference that counsel asked the motion judge to draw was insufficient to establish jurisdiction. Plaintiff cites no authority that states otherwise.

We conclude that the motion judge correctly granted Rockland County's motion to dismiss substantially for the reasons stated by the motion judge in his oral decision as Rockland County had no contacts with New Jersey and it never took any affirmative action to purposefully avail itself of New Jersey jurisdiction.

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                                    A-5225-18T3