**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2726-23

HENRY GORDON,

    Plaintiff-Appellant,

v.

MATTHEW MANNISTO,

    Defendant-Respondent.

_____

Submitted November 6, 2025 – Decided January 8, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DC-000160-24.

Henry Gordon, self-represented appellant.

Matthew Mannisto, self-represented respondent.

PER CURIAM

    Plaintiff Henry Gordon sued defendant, Matthew Mannisto, seeking damages for libel, abuse of process, and intentional infliction of emotional

distress based on a statement defendant made during litigation involving plaintiff's son in a landlord-tenant dispute venued in Hawaii. The Law Division judge dismissed the suit with prejudice concluding New Jersey courts lacked personal jurisdiction over defendant and plaintiff failed to state a claim upon which relief maybe granted because the alleged libelous statement was protected by the litigation privilege. We affirm.

I.

Plaintiff's son, Jeffrey Gordon,[1] was sued in Hawaii for eviction, and defendant represented the landlord in that action. Plaintiff attempted to hire Robert Goldberg, an attorney in Hawaii, to represent Jeffrey but ultimately did not retain him. Plaintiff is a former New Jersey attorney who voluntarily relinquished his law license after improperly using trust funds and after he was convicted of bank fraud. In an unrelated New Jersey Disciplinary Review Board (DRB) opinion, plaintiff was incorrectly noted as having been convicted of "bankruptcy fraud and bank robbery."[2]

---

[1] To differentiate between Jeffrey and plaintiff, we use first names where necessary for clarity. We intend no disrespect with this informality.

[2] This statement appears in the DRB discipline recommendation of Herbert M. Korn, a New Jersey attorney (Docket No. DRB 97-428). In that proceeding, Korn allegedly employed plaintiff, a disbarred attorney, in violation of Rule 1:20-20.

A-2726-23

On the day of the trial in the landlord-tenant litigation, Jeffrey requested an adjournment to contact plaintiff because he recognized the presiding judge in his matter was Goldberg. After Jeffrey informed Goldberg of this apparent conflict of interest, the proceedings were halted to permit Jeffrey to move for the judge's recusal.

In support of Jeffrey's application, plaintiff submitted a certification attesting to his conversations with Goldberg about the landlord-tenant litigation. Defendant, on behalf of the landlord, filed an opposing memorandum in which he quoted the DRB's reference to plaintiff's prior disciplinary and criminal history. Although Goldberg denied the motion and declined to recuse himself, he later voluntarily withdrew from the case.

Based on the statement made in defendant's memorandum, plaintiff sued defendant for libel, abuse of process, and intentional infliction of emotional distress in New Jersey. In his complaint, plaintiff alleged defendant knowingly and falsely attributed a conviction for bank robbery to plaintiff and, in doing so, intended to cause plaintiff reputational harm.

Defendant moved to dismiss the complaint arguing New Jersey lacked personal jurisdiction over him and since the statements at issue were made during a litigation venued in Hawaii, they were protected by the litigation

3

privilege. To substantiate his assertion that the court lacked jurisdiction, defendant certified that he has not visited the State of New Jersey for approximately ten years, has never been licensed to practice law here, has neither solicited nor conducted business in New Jersey, owns no property in this State, and does not have relatives residing here. During oral argument before the trial court, defendant acknowledged the only contact he has with New Jersey is that he employs Automatic Data Processing for his office's payroll services and maintains a cellular telephone account with Verizon, both companies located in New Jersey. Defendant asserted that these commercial relationships constitute, at most, de minimis contacts with New Jersey.

Plaintiff opposed defendant's motion, arguing the court has personal jurisdiction because defendant's alleged tortious conduct and statements caused reputational and emotional harm to plaintiff in New Jersey, involved activities that occurred only in New Jersey, and originated from sources in New Jersey. Plaintiff also argued that the litigation privilege does not apply since the statements were unrelated to the underlying Hawaii litigation.

The trial court granted defendant's motion and dismissed the complaint with prejudice. The court found no basis for exercising personal jurisdiction over defendant, noting plaintiff's residence in New Jersey and the fact that the

4

allegedly defamatory statements referred to plaintiff were insufficient, without more, to establish minimum contacts with New Jersey. The trial court also determined the litigation privilege applied to defendant's statements, requiring dismissal of the complaint.

## II.

Our review of a trial court's factual findings on jurisdiction "is limited to determining whether '[its] findings are supported by substantial, credible evidence in the record.'" D.T. v. Archdiocese of Phila., 260 N.J. 27, 41 (2025) (quoting Rippon v. Smigel, 449 N.J. Super. 344, 358 (App. Div. 2017)). However, the question as to whether a court has personal jurisdiction over a defendant is a question of law which we review de novo. Ibid.

"New Jersey courts 'may exercise in personam jurisdiction over a non-resident defendant "consistent with due process of law."'" Pullen v. Galloway, 461 N.J. Super. 587, 596 (App. Div. 2019) (quoting Bayway Refining Co. v. State Utils., Inc., 333 N.J. Super. 420, 428 (App. Div. 2000)). Due process requires a defendant to have certain "minimum contacts" with the forum so the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

A-2726-23

"[W]hen the defendant is not present in the forum state, 'it is essential that there be some act by which the defendant purposefully avails [themselves] of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws,'" Baanyan Software Servs., Inc. v. Kuncha, 433 N.J. Super. 466, 475 (App. Div. 2013) (quoting Waste Mgmt., Inc. v. Admiral Ins., 138 N.J. 106, 120 (1994)) such that defendant can reasonably anticipate being sued in this state. Dutch Run-Mays Draft, LLC v. Wolf Block, LLP, 450 N.J. Super. 590, 599 (App. Div. 2017). This "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." McKesson v. Hackensack Med. Imaging, 197 N.J. 262, 277 (2009) (quoting Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323-24 (1989)). Plaintiff bears the burden of proof to "allege or plead sufficient facts with respect to jurisdiction" and such allegations or pleadings must be stated "with specificity." Blakey v. Cont'l Airlines, Inc., 164 N.J. 38, 71 (2000).

Appling these principles, we conclude, as the motion court did, that New Jersey courts lack personal jurisdiction over defendant because there are insufficient minimum contacts to establish personal jurisdiction over him. The record is devoid of any evidence that defendant purposefully availed himself

A-2726-23

of any activity in New Jersey, commercially or personally. He does not reside in New Jersey, or own property here. His last visit to New Jersey was more than a decade ago. He is not licensed to practice law in New Jersey and he does not solicit clients from New Jersey. Since defendant does not maintain any contacts with New Jersey, let alone minimum contacts, the trial judge correctly dismissed plaintiff's complaint.

III.

Alternatively, defendant moved to dismiss plaintiff's complaint asserting that it failed to state a claim upon which relief can be granted. R. 4:6-2(e). We review a decision to grant the relief requested under this rule de novo. Johnson v. City of Hoboken, 476 N.J. Super. 361, 371 (App. Div. 2023) (citing State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 279 (App. Div. 2017)).

Plaintiff asserts that the trial court erred in finding the litigation privilege barred his claims and in dismissing the complaint. Defendant responds that any statements made were absolutely privileged because they occurred during pending litigation in which defendant represented a party. We agree with defendant.

The litigation privilege applies to "'any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" Hawkins v. Harris, 141 N.J. 207, 216 (1995) (quoting Silberg v. Anderson, 50 Cal. 3d 205, 369 (1990)). "[L]awyers and litigants must 'be permitted to speak and write freely without the restraint of fear of an ensuing defamation action.'" Loigman v. Twp. Comm., 185 N.J. 566, 580 (2006) (quoting Fenning v. S.G. Holding, Corp., 47 N.J. Super. 110, 117 (App. Div. 1957)). The privilege applies not only to defamation claims, but to "a host of other tort-related claims." Id. at 583. The privilege is not limited to statements made in a courtroom but applies "to all statements made 'in connection with' a judicial proceeding . . . ." Williams v. Kenney, 379 N.J. Super. 118, 134 (App. Div. 2005) (quoting Hawkins, 141 N.J. at 216). The litigation privilege does not reach the tort of malicious prosecution nor malicious use of process; however, it does apply to abuse of process claims. Baglini v. Lauletta, 338 N.J. Super. 282, 297-98 (App. Div. 2001) (citations omitted).

8

Because defendant meets all the requirements established in <u>Hawkins</u>, we conclude the litigation privilege provides defendant with absolute immunity from plaintiff's claims.

First, defendant's opposition certification was submitted directly in response to Jeffrey's motion for recusal which sought to disqualify the trial judge from overseeing his case. This motion resulted from the eviction complaint filed in Hawaii by defendant's client, Jeffrey's landlord. Since defendant's statements in the certification were made in this context, they are considered part of a judicial proceeding.

Second, as counsel for Jeffrey's landlord, defendant fulfilled his professional responsibility by responding to Jeffrey's motion. As the attorney representing one of the primary parties to the action, defendant clearly qualifies as an "other participant" under <u>Hawkins</u>.

Third, the specific statements and communications at issue were included in defendant's certification opposing Jeffrey's motion. The purpose of these statements was to contest the relief requested by Jeffrey and to support defendant's client's position in the underlying eviction litigation. Accordingly, these statements were made to further the objectives of the original legal action.

A-2726-23

Finally, there is a logical and direct connection between the contested statements and the original action. The statements were submitted in the course of defending against a motion that was prompted by a perceived conflict of interest that arose in the eviction action.

Furthermore, the content and context of the contested statement are especially relevant to the immunity analysis. The statement at issue was not something defendant invented. Rather, it was a direct quotation (even if factually incorrect) taken from an opinion authored by the DRB. The trial court correctly observed that this quotation was pertinent to an evaluation of the credibility and truthfulness of plaintiff's statements. There is no indication that defendant included the quotation for an improper or malicious purpose. Rather, it was introduced as part of a legitimate advocacy on behalf of defendant's client in a judicial setting.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary or the argument was without sufficient merit to warrant any discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division