**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4480-17

CATHERINE E. CZYZ,

     Plaintiff-Appellant,

v.

BEST CHOICE MOVING, INC.,
a foreign corporation, ROMAN
SAKHOROV, RICK
CASTERLINE, and SHEILA
CASTERLINE, d/b/a A
VILLAGE LOCK UP STORAGE,

     Defendants-Respondents.

_____

Submitted December 16, 2019 – Decided January 10, 2020
Resubmitted October 14, 2020 – Decided March 11, 2021

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1157-17.

Catherine E. Czyz, appellant pro se.

Goldberg Segalla, LLP, attorneys for respondents Rick Casterline and Sheila Casterline (Rosa D. Forrester, on the brief).

PER CURIAM

This appeal returns to us after remand proceedings directed by our previous opinion, Czyz v. Best Choice Moving, Inc., No. A-4480-17 (App. Div. Jan. 10, 2020), where we vacated the trial court's January 17, 2018 and February 16, 2018 orders dismissing plaintiff's complaint and motion for reconsideration for the court to issue findings of fact and conclusions of law in accordance with Rule 1:7-4. On remand, the trial court issued an amended order dismissing plaintiff's complaint because: 1) her claims were barred by the doctrine of res judicata; and 2) the court lacked personal jurisdiction over plaintiff's claims against defendants Rick and Sheila Casterline. To provide context for our discussion of the issues, we briefly summarize the underlying facts and procedural history.

I.

This matter stems from a contract dispute between plaintiff Catherine Czyz and defendant Best Choice Moving, Inc. (Best Choice). Plaintiff contracted with Best Choice to move her personal property from her residence in Basking Ridge, New Jersey to her new residence in Ohio. According to plaintiff, when Best Choice arrived to pick up her personal items, it demanded more money than the parties had originally agreed upon. Nonetheless, Best

Choice transported plaintiff's property to Ohio a week later, but its driver, defendant Roman Sakhorov, allegedly demanded an additional $600 in cash to unload the truck. Plaintiff was unable to obtain the $600 and Sakhorov subsequently brought plaintiff's property to a storage facility owned by the Casterlines.

On December 11, 2013, plaintiff brought an action in Ohio state court against defendant Best Choice to recover possession of personal items. Plaintiff subsequently amended her complaint adding A Village Lock Up Storage, the Casterlines storage facility company, as a defendant. Plaintiff then moved for a default judgment on the amended complaint which was denied. Thereafter, plaintiff filed a second amended complaint adding the Casterlines and Sakhorov as defendants. On November 3, 2014, plaintiff failed to attend a scheduled final pretrial settlement. Accordingly, the next day, the Ohio trial court issued a final appealable order dismissing plaintiff's case for failure to prosecute.

On November 4, 2014, plaintiff filed a motion to reinstate the case and to reschedule pretrial mediation, along with motions for a default judgment against Sakhorov and Best Choice. On November 6, 2014 the Ohio trial court denied all the motions and granted judgment in favor of the Casterlines. The Ohio appellate court reversed the trial court's entry of judgment in favor of the

3

Casterlines, its decision to dismiss plaintiff's case, and remanded the matter for further proceedings.

On remand, and after an evidentiary hearing, an Ohio magistrate judge dismissed plaintiff's complaint for possession and replevin against the Casterlines. On October 25, 2016, the Ohio trial court adopted the decision of the magistrate judge after conducting an independent examination of the record and an analysis of the magistrate's findings of fact and conclusions of law. The trial court subsequently issued a final and appealable order memorializing its decision.

Plaintiff appealed and an Ohio appellate court dismissed the case for "want of prosecution" because plaintiff failed to file a merits brief. Plaintiff thereafter filed an emergency motion for an extension of time to file her brief, which the court denied as moot in a February 2, 2017 order. Plaintiff filed an emergency motion for an injunction with the Supreme Court of Ohio. The Supreme Court declined to accept jurisdiction and denied the motion as moot in a June 21, 2017 order.

Three months later, on September 21, 2017, plaintiff filed the instant complaint for possession, replevin, breach of contract, and conversion of property in the Law Division. In lieu of an answer, the Casterlines filed a motion

4

to dismiss in which they asserted that: 1) plaintiff failed to serve them with process properly pursuant to Rule 4:4-4; 2) New Jersey courts lacked personal jurisdiction over them; 3) plaintiff's claims were barred by res judicata; and 4) plaintiff's complaint failed to state a claim. In an accompanying certification in support of the motion to dismiss, the Casterlines certified that they did not do any business in New Jersey nor did they advertise, solicit, or have any clients in the State. The Casterlines further certified that they did not have "any contracts or agreements with anyone in New Jersey regarding any allegations in the [c]omplaint" and did not have any officers, agents, or representatives in New Jersey. In addition, the Casterlines stated that all the allegations in the plaintiff's complaint occurred in Ohio and that they were never personally served with the complaint, but rather, were served via certified mail.

On December 29, 2017, plaintiff filed an opposition brief asserting that "[t]he causes of action are properly plead in the [c]omplaint," and she "properly filed this action in the proper venue." Plaintiff also requested an entry of default against each defendant. On January 8, 2018, the clerk ordered a default as to Best Choice and Sakhorov for "fail[ing] to serve a pleading at the time required by law." On April 18, 2018, the court entered a default judgment against Best

5

Choice and Sakhorov but denied plaintiff's request for an entry of default against the Casterlines.

On January 17, 2018, the court heard oral arguments on the Casterlines' motion to dismiss. The Casterlines maintained that because they only had a contract with Sakhorov to store the items in their facility, they were "not allowed to give somebody else's belongings up to [plaintiff,] a third party who [they] [don't] have a contract with." They also asserted that "everything[] [had] already been litigated in Ohio." Plaintiff argued that New Jersey was the proper forum because the moving contract was executed in New Jersey and her belongings were removed from New Jersey. She added that she raised new claims in New Jersey, and that the Ohio case was dismissed without prejudice and had no "bearing on the New Jersey case."

On the same day, the court entered an order dismissing plaintiff's claims against the Casterlines with prejudice without an accompanying oral or written statement of reasons. On February 16, 2018, the trial court denied plaintiff's motion for reconsideration.

As noted, we remanded the matter for the trial court to issue findings of fact and conclusions of law pursuant to Rule 1:7-4. On remand, the trial court found that plaintiff's claims were barred by res judicata and explained that

6

plaintiff "raised the same allegations against the [Casterlines] over the same dispute in the State of Ohio" and that the proceedings "resulted in a dismissal of the claims raised."

The trial court further noted that it lacked personal jurisdiction over the Casterlines. The court also found that plaintiff failed to properly serve the Casterlines by certified mail.

On appeal, plaintiff argues that the court erred by not finding subject matter jurisdiction, venue, and personal jurisdiction over the Casterlines in New Jersey. Additionally, plaintiff contends that the court committed error by finding her claims were barred by res judicata, and by treating the Casterlines' motion to dismiss as a motion for summary judgement. Finally, plaintiff asserts that the court erred in dismissing the case for failure to state a claim, and in failing to award sanctions or striking the motion to dismiss, as the Casterlines' counsel presented false information and perpetrated a fraud.

We have fully considered plaintiff's personal jurisdiction and res judicata arguments under the relevant case law and affirm the court's decision. We have also considered plaintiff's additional arguments and conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We provide the following comments to amplify our decision.

A-4480-17

II.

As noted, plaintiff argues that the court committed error by not finding personal jurisdiction under New Jersey's long-arm statute, because she executed a contract with Best Choice in New Jersey and the transport of her belongings, which were ultimately stored at A Village Lock-Up Storage, began in New Jersey. Plaintiff further asserts that she properly effectuated service pursuant to Rule 4:4-4. We disagree.

Appellate review of a trial court's ruling on a Rule 4:6-2(e) motion to dismiss is de novo. See Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) ("[I]n reviewing a Rule 4:6-2(e) dismissal, we apply the same standard [as the trial court] . . . ."). "This standard requires that 'the pleading be searched in depth and with liberality to determine whether a cause of action can be gleaned even from an obscure statement.'" Ibid. (quoting Seidenberg v. Summit Bank, 348 N.J. Super. 243, 250 (App. Div. 2002)).

"A New Jersey court may exercise in personam jurisdiction over a non-resident defendant 'consistent with due process of law.'" Bayway Ref. Co. v. State Utils., Inc., 333 N.J. Super. 420, 428 (App. Div.), certif. denied, 165 N.J. 605 (2000) (quoting R. 4:4-4(b)(1)). "New Jersey's long-arm jurisdiction extends to the 'outermost limits permitted by the United States Constitution.'"

A-4480-17

Ibid. (quoting Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971)). A defendant can be found subject to either specific or general jurisdiction. A defendant is subject to general jurisdiction on any matter, irrespective of its relation to the State, when the defendant has maintained continuous and systematic activities in the forum state. Ibid.

A defendant is subject to specific jurisdiction when the "cause of action arises directly out of a defendant's contacts with the forum state." Waste Mgmt., Inc. v. Admiral Ins., 138 N.J. 106, 119 (1994). As such, "the minimum contacts inquiry must focus on the 'relationship among the defendant, the forum and the litigation.'" Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). The minimum contacts requirement is satisfied as long as the "contacts result[] from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." Ibid.

"[W]hen the defendant is not present in the forum state, 'it is essential that there be some act by which the defendant purposefully avails [itself] of the privilege of conducting activities within [New Jersey], thus invoking the benefit and protection of its laws,'" Baanyan Software Servs., Inc. v. Kuncha, 433 N.J. Super. 466, 475 (App. Div. 2013) (quoting Waste Mgmt. Inc., 138 N.J. at 120), such that the defendant can reasonably anticipate being sued in this State, Dutch

Run-Mays Draft, LLC. v. Wolf Block, LLP., 450 N.J. Super. 590, 599 (App. Div. 2017). The "'[p]urposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. The question is whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." McKesson Corp. v. Hackensack Med. Imaging, 197 N.J. 262, 277-78 (2009) (quoting Lebel, 115 N.J. at 323-24).

Pursuant to Rule 4:4-4(a), "[t]he primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State." Subsection (b)(1), however, provides for substituted or constructive service "[b]y mail or personal service outside the state . . . [i]f it appears by affidavit satisfying the requirements of [Rule] 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this [Rule]."

Applying these principles, we conclude, as did the court, that New Jersey courts lack personal jurisdiction over the Casterlines. The record below establishes that the Casterlines did not advertise, solicit, or operate their business in New Jersey nor did they enter any contracts with anyone in New Jersey. Further, the Casterlines are not residents of New Jersey and their storage

10

facility is in Ohio.  The cause of action in this matter arises out of conduct that occurred in Ohio.  Indeed, the record is devoid of any evidence that the Casterlines purposely availed themselves "of the privilege of conducting activities" in New Jersey.  Baanyan Software Servs., Inc, 433 N.J. Super. at 475 (App. Div. 2013); see also Egg Harbor Care Ctr. v. Scheraldi, 455 N.J. Super. 343, 352 (App. Div. 2018).  In sum, we conclude there were insufficient minimum contacts to establish personal jurisdiction over the Casterlines.

In addition, there is no evidence here of the necessary continuous and systematic contacts with New Jersey to support general jurisdiction over the Casterlines.  Finally, we agree with the court that there is nothing in the appellate record demonstrating that plaintiff properly filed an affidavit certifying that she made diligent efforts and inquiry "for the purpose of effecting actual notice" on the Casterlines.  R. 4:4-5(b).

## III.

Plaintiff also asserts that the court committed error when it concluded her complaint was barred by res judicata.  Specifically, plaintiff maintains that because her Ohio case against the Casterlines was dismissed without prejudice, she is not precluded from asserting her claims in New Jersey.  Plaintiff adds that the count of civil theft in her New Jersey complaint was not raised in Ohio, and

therefore that specific claim is not, at a minimum, barred by res judicata.  We are not persuaded by any of these arguments.

The doctrine of res judicata bars "relitigation of claims or issues that have already been adjudicated."  Velasquez v. Franz, 123 N.J. 498, 505 (1991).  It provides that "a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding."  Ibid.  The doctrine fosters "the important policy goals of 'finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness.'"  First Union Nat'l Bank v. Penn Salem Marina, Inc., 190 N.J. 342, 352 (2007) (quoting Hackensack v. Winner, 82 N.J. 1, 32-33 (1980)).  It also "maintain[s] judicial integrity by minimizing the possibility of inconsistent decisions regarding the same matter."  Velasquez, 123 N.J. at 505.

For the doctrine of res judicata to bar an action, there must be:  1) a final judgment on the merits in the prior action; 2) "the parties in the later action must be identical to or in privity with those in the prior action"; and 3) "the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one."  Bondi v. Citigroup, Inc., 423 N.J. Super. 377, 422 (App.

A-4480-17

Div. 2011) (quoting Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991)). Further, "[i]f given preclusive effect, the prior judgment will bar not only the matters actually determined in the previous proceedings, but also all claims that could have been raised in the first action." Bondi, 423 N.J. Super. at 422; see also Nat'l Amusements, Inc. v. City of Springdale, 558 N.E.2d 1178, 1180 (Ohio 1990) ("It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" (quoting Rogers v. Whitehall, 494 N.E.2d 1387, 1388 (Ohio 1986))).

Here, plaintiff misinterprets the procedural history of her case. Although the Ohio appellate court reversed a previous trial court order dismissing her complaint, her case was subsequently remanded, litigated, and dismissed on the merits. Indeed, the Ohio trial court's October 25, 2016 order dismissed plaintiff's counts of replevin and possession against the Casterlines and specifically stated that its decision was a final appealable order. Further, plaintiff's additional count of civil theft is also barred by res judicata, as she failed to raise it in the Ohio proceedings. Bondi, 423 N.J. Super. at 422; Nat'l Amusements, Inc., 558 N.E.2d at 1180. As the court correctly noted, plaintiff had "raised the same allegations against the [Casterlines] over the same dispute

in the State of Ohio."   Accordingly, we conclude that the court correctly determined that plaintiff's claims were barred by the doctrine of res judicata.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14